Farrant v. The First Division of the St. Paul and Pacific Railroad Co.

---

## Martin Farrant

*vs.*

## The First Division of the St. Paul and Pacific R. R. Co.

In an action for an injury to plaintiff's real estate by filling up a street in the city of M., it will be inferred from certain allegations in the complaint as to the existence of "First Street", the establishment of a grade thereon by the proper municipal authorities, and the situation of plaintiff's property with reference to said "First Street", that "First Street" is a public highway, although the averment is not as distinct as it should be.

A complaint in an action against a railroad company for an injury of the character above mentioned, which duly alleges, in addition to the corporate character of the defendant, that the defendant wrongfully and wilfully embanked and filled up a certain street, immediately in front of the plaintiff's property, to a certain height above the established grade, whereby the property was greatly injured, to the plaintiff's damage, &c., and nothing appears in the complaint from which can be inferred any necessity or excuse for filling up the street in the manner alleged, in order to construct the defendant's railroad, states a cause of action, and is not demurrable.

Farrant v. The First Division of the St. Paul and Pacific Railroad Co.

This action was commenced in the District Court for Hennepin County. The complaint after alleging the incorporation of the defendant, referring to the acts of the Legislature relating thereto, contains substantially the following allegations:

That the plaintiff is, and ever since the first day of June, 1867, has been the owner of lots 4, 5 and 6, of Block 9, in the city of Minneapolis, Hennepin County, Minnesota, subject only to a right of way through said lots, sold by plaintiff to the defendant in April, 1867, for its railroad; that said lots all front on First street in said city, and are of the value of $9,000; being valuable principally for business lots on account of their fronting on First street as aforesaid; and that the entire frontage of said lots on said First street is 115 feet; that said right of way is fifty feet in width, being 25 feet on each side of the center of said railroad; and commences on the back or north-easterly end of said lots, where said railroad enters said lots, and extends through to First street.

That since said first day of June, 1867, the defendant has wrongfully and without authority filled, and caused to be filled, said First street immediately in front of said lots with stone and dirt to the height of about eight feet above the level of said lots, and above the grade of said First street; whereby access to said lots is rendered more difficult, and plaintiff is unable to rent the said lots as profitably as he otherwise might have done, to plaintiff's damage of $3,000.

To this complaint the defendant demurred, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled by the Court and the defendant appeals to this Court from the overruling order.

H. R. BIGELOW for Appellant.

YOUNG & WEBB for Respondent.

Farrant v. The First Division of the St. Paul and Pacific Railroad Co.

*By the Court*—McMillan, J.—This is a demurrer to this complaint on the ground that it does not state facts sufficient to constitute a cause of action.

It does not appear as distinctly as it should that "First street" mentioned in the complaint is a public highway ; but from the several allegations as to the existence of " First street," and the establishment of *a grade* thereon by the *proper authorities of the town of Minneapolis*, we are inclined to think it should be inferred that First street is a public thoroughfare or highway. If we are correct in this, we think there can be no doubt that the demurrer was properly overruled. It appears from the complaint that the plaintiff was the owner of three lots, each fronting fifty-five feet on First street, in Minneapolis, making an aggregate front of one hundred and sixty-five feet ; that he sold to the defendant a right of way for its road through these lots ; to wit : twenty-five feet on each side of the center of said railroad, making in all fifty feet wide from the *north-easterly end* of the lots, where said railroad enters them, and extending through to First street ; that the frontage of said lots on First street owned by and belonging to the plaintiff, is one hundred and fifteen feet, and extending the same width through the entire length of said lots. It is correctly urged by the appellant's counsel, that the rear of the lots being the north-easterly end thereof, they must necessarily front the south-west, and the course of First street on which they front must be north-west and south-east. The track of the defendant's railroad, therefore, must run along the north-westerly or south-easterly *side* of the plaintiff's lots, and cross First street at right angles, so that the front line of the plaintiff's property extends at right angles from the track of the road, one hundred and fifteen feet along First street.

The injury complained of is not for filling up the premises

over which the defendant's right of way extends, but for filling up the street outside this right of way, and immediately in front of the one hundred and fifteen feet owned by the plaintiff. There is nothing whatever in the complaint from which can be inferred any necessity or excuse for filling this street in the manner alleged, in order to construct the road. As we have seen the road does not pass in front of, but away from, the plaintiff's property, and the center of the road is twenty-five feet from the plaintiff's line, so that allowing a right of way across the street of uniform width with that purchased from the plaintiff, which would seem to be regarded as sufficient by the defendant, it would not extend in front of the plaintiff's lots. Assuming therefore for the defendant all the powers and privileges claimed by virtue of the several acts of the legislature incorporating the defendant, &c., there would seem, so far as the facts stated in the complaint go, to be no ground for their operation.

If this embankment and filling of the street in front of the plaintiff's property was not necessary, or proper for the construction of the defendant's road (which from the complaint would seem to be the case), and if, as is alleged, the plaintiff's property has been injured thereby, he certainly has his remedy. The complaint we think states a cause of action.

The order overruling the demurrer is affirmed.